# EXHIBIT A
# CLASS ACTION COMPLAINT

*Reginald Lavon McGee Jr., individually and*

*for others similarly situated*

*v.*

*ABM Aviation, Inc.*

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 BANNOCK STREET<br>DENVER, CO 80202<br><br>**PLAINTIFF:** REGINALD LAVON MCGEE JR., individually and on behalf of all similarly situated persons,<br><br>v.<br><br>**DEFENDANT:** ABM AVIATION, INC. | DATE FILED<br>April 23, 2025 10:33 AM<br>FILING ID: B6583A7838D09<br>CASE NUMBER: 2025CV31467<br><br><br><br>Δ    COURT USE ONLY    Δ |
| Attorneys for Plaintiff:<br><br>Brian D. Gonzales, Atty. Reg. # 29775<br>BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Alexander Hood, Atty Reg. # 42775<br>HOOD LAW OFFICE, PLLC<br>1312 Seventeenth Street # 1028<br>Denver, Colorado 80202<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | Case Number:<br><br><br><br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT** | |

Plaintiff Reginald Lavon McGee Jr. ("Plaintiff") by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class Action Complaint* against Defendant ABM Aviation, Inc. ("Defendant").

### STATEMENT OF THE CASE

1. The Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq*. (the "Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq*., and their implementing regulations, *see, e.g.,* 7 *Colo. Code Regs*. § 1103-1, contain various requirements regarding employee wages and working hours. Defendant violated these laws by failing to ensure that employees received all required breaks during their shifts and failing to pay employees for breaks missed during their shifts. This class action seeks to recover damages and backpay to compensate current and former hourly employees of Defendant for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, an individual and resident of the State of Colorado, was employed by Defendant.

3. Defendant is a Georgia corporation with its principal place of business in Texas.

4. Venue in this Court is proper pursuant to C.R.C.P. 98 because Defendant is an out of state entity doing business in Colorado.

5. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. § 13-1-124 and the Colorado Constitution.

## FACTUAL BACKGROUND

6. Defendant provides aviation support services at Colorado airports.

7. Defendant employed Plaintiff and those similarly situated.

8. Defendant had the power to hire and fire and supervised and controlled work schedules and conditions of employment for Plaintiff and those similarly situated. This includes determining work schedules and supervising day-to-day work.

9. Defendant determined the rate and method of pay and maintained employment records for Plaintiff and those similarly situated. This includes issuing payroll and maintaining payroll records.

10. Plaintiff worked as an hourly employee for Defendant from in or around April 8, 2023 until September 30, 2023.

11. During this period, Plaintiff worked for Defendant at the Denver International Airport.

12. Plaintiff did not receive all 10-minute rest breaks and was not paid for missed 10-minute rest breaks.

13. The Colorado Overtime and Minimum Pay Standards Order requires that employees be provided ten-minute rest periods in the middle of each four-hour work period or "major fractions thereof." 7 Colo. Code Regs. § 1103-1-5.2.

14. Defendant failed to provide Plaintiff and other non-exempt employees all required ten-minute breaks.

15. Defendant failed to pay Plaintiff and those similarly situated for breaks that were not provided.

16. By failing to provide all required rest breaks to its non-exempt employees,

Defendant violated the Wage Claim and Minimum Wage Acts. Defendant had no legal justification for its failure to comply and, by failing to properly pay for the missed break time, shorted employees on for their time-worked, including unpaid minimum wage, unpaid straight time, and unpaid overtime. *See* 7 *Colo. Code Regs.* § 1103-1-5.2.4 ("When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation.").

## **CLASS ACTION ALLEGATIONS**

17. This is a C.R.C.P. 23 class action on behalf of Plaintiff and a Class for which Plaintiff seek certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

> **ALL OF DEFENDANT'S HOURLY EMPLOYEES WHO WORKED FOR DEFENDANT IN COLORADO FROM SIX YEARS PRIOR TO THE FILING OF THIS LAWSUIT THROUGH FINAL JUDGMENT.**

18. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

   c. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

   d. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's records. Plaintiff was subjected to the same rules and policies as all other workers that form the basis of the alleged violation. Defendant applied its policies to Plaintiff just as it did with all Class Members.

   e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff is committed to this action and has no conflict with the class members. Furthermore, Plaintiff is represented by experienced class action counsel.

  f. Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CLAIM FOR RELIEF
**(Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq*.)**

19. Plaintiff incorporates by reference all paragraphs above.

20. At all material times, Defendant has been an "employer" within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq*.

21. At all material times, Defendant employed "employees," including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq*.

22. As a result of the foregoing conduct, as alleged, Defendant failed to pay wages due thereby violating, and continuing to violate, the Colorado Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

23. As a result, Plaintiff has been damaged in an amount to be determined at trial.

24. Plaintiff and the Class Members are entitled to all unpaid wages under various provisions of the statute, *e.g.*, C.R.S. §§ 8-4-103, -109, -110, as well as other compensatory damages, including damages for emotional distress, and penalties.

25. To the extent this Complaint is considered a demand pursuant to C.R.S. § 8-4-109(3)(a), it is a demand for wages on behalf of Plaintiff and the Class as defined above, *i.e.*, a "demand for the payment on behalf of … a group of similarly situated employees…."

26. Plaintiff and the Class members are also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court.

## SECOND CLAIM FOR RELIEF
**(Colorado Minimum Wage Act, C.R.S. §§ 8-6-101, *et seq*.)**

27. Plaintiff incorporates by reference all paragraphs above.

28. At all material times, Defendant has been an "employer" within the meaning of the Colorado Minimum Wage Act.

29. At all material times, Defendant employed, and continue to employ, "employees," including Plaintiff and Class Members, within the meaning of the Colorado Minimum Wage Act.

30. Plaintiff and Class Members were employees of Defendant within the meaning of

the Colorado Minimum Wage Act.

31. As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the Colorado Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

32. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial, including unpaid minimum wage and overtime.

33. Plaintiff and Class members are also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court.

### THIRD CLAIM FOR RELIEF
### (Civil Theft, C.R.S. § 18-4-405)

34. Plaintiff incorporates by reference all paragraphs above.

35. At all material times, Defendant has been an "employer" within the meaning of the Colorado Minimum Wage Act.

36. At all material times, Defendant employed, and continues to employ, "employees," including Plaintiff and Class Members, within the meaning of the Colorado Minimum Wage Act.

37. Plaintiff and Class Members were employees of Defendant within the meaning of the Colorado Minimum Wage Act.

38. Defendant knew it failed to pay Plaintiff and Class Members minimum wage because Defendant knew it failed to provide breaks and failed to compensate Plaintiff and Class Members *at all* for these missed breaks.

39. Defendant's knowing failure to pay minimum wage under the Colorado Minimum Wage Act constitutes theft pursuant to C.R.S. § 18-4-401. *See* C.R.S. § 8-6-116.

40. As a result, Defendant's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. § 18-4-405.

41. Plaintiff and Class Members are entitled to treble damages and attorney's fees to be determined at trial.

42. Plaintiff and the Class members are also entitled to costs, statutory interest, and all other relief deemed appropriate by the Court.

### JURY DEMAND

43. Plaintiff demands a trial by jury as to all issues so triable.

## OTHER ALLEGATIONS

44. As part of discovery, Plaintiff will be requesting certain documents and information from Defendant. Please note the document preservation instructions attached hereto.

45. Plaintiff's claim is a good faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation; or for the express purpose of establishing the meaning, lawfulness, or constitutionality of a law, regulation, or United States or state constitutional right and the meaning, lawfulness, or constitutionality has not been determined by the Colorado supreme court, or for cases presenting questions under the United States constitution, to the Supreme Court of the United States. In particular, Plaintiff brings claims, as a matter of first impression, to determine the meaning of C.R.S. § 8-6-116 as applied to a civil theft claim, to determine the extent of damages, including emotional damages, available under C.R.S. §§ 8-4-101 *et seq.,* and to determine the statute of limitations applicable to a statutory claim for minimum wage.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as class representatives, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members their compensatory damages, attorney's fees and litigation expenses as provided by law;

4. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members statutory penalties and punitive damages as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of April 2025.

*s/Brian D. Gonzales*

_____

Brian D. Gonzales

*Counsel for Plaintiff*

## DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff want to ensure that the types of documentary and electronic evidence that will be requested during the course of discovery are preserved.

"When a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id*. at Standard 29.

Various kinds of electronic and documentary data will be important in this lawsuit. The information Plaintiff anticipate will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains data relating to the hours of work, breaks and pay of Plaintiff and Class Members;

- Emails and other electronic and hard-copy documents pertaining to Defendant's break policies;

- Emails and other electronic and hard-copy documents pertaining to Defendant's reliance on department of labor authority when promulgating any break policy;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to job duties and pay of Defendant's employees, including Plaintiff;

- Emails sent and received by Plaintiff, Class Members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendant's compliance with the Colorado Wage Claim Act and the Colorado Minimum Wage Act; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendant perform offline backups of any databases which contain information of the types identified above. Plaintiff also request that Defendant perform offline backups of all

current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff request that Defendant take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff request that the utmost care be taken in the preservation of all relevant electronic data, including metadata.